IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ABE CORONADO, DIANE ARVEY, and MELANIE BROWN, </br></br> Plaintiffs, </br></br> v. </br></br> OREGON DEPARTMENT OF CORRECTIONS, MITCH MORROW and MAX WILLIAMS, in their official capacities, and JEAN HILL, MARTY IMHOFF and KENNETH NEFF and ANDRE DUNN, in their individual and official capacities, </br></br> Defendants. | Civil No. 11-6083-HO </br></br> O R D E R |

Plaintiffs bring this action alleging violation of equal protection rights, violation of due process, violation of first amendment rights and state constitutional rights to free speech and association, interference with contractual relationships, and whistleblower claims. Defendants move to change venue to the Pendleton division, dismiss defendants Mitch Morrow and Max Williams, dismiss the first, second, third and fourth claims against the Department of Corrections, and strike the reference to the fifth

amendment from paragraph 1 of the complaint and the third and fourth claims for relief.

Plaintiffs filed an amended complaint following the filing of the motion to dismiss and have deleted references to the fifth amendment in all but the third claim for relief. The remaining reference appears to be inadvertent and the motion to strike the reference to the fifth amendment is granted. Plaintiffs also concede that the first through fourth claims against the Oregon Department of Corrections should be dismissed and that motion is granted.[1]

A. Defendants Morrow and Williams

Plaintiffs fail to allege any acts on the part of defendants Director Williams and Deputy Director Morrow. Liability under 42 U.S.C. § 1983 does not lie upon state officials for the acts of their subordinates under a respondeat superior theory of liability. Monell v. Department of Social Services of New York, 436 U.S. 658, 691-94 (1978). State officials are subject to suit under section 1983 only if "they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff's contend defendant Morrow and Williams should not be dismissed because they seek prospective injunctive relief. However, the issue is not whether the action against these defendants may be

---

[1] Plaintiffs actually state that they agree the Department has Eleventh Amendment Immunity, but that it was erroneously included in the complaint. Plaintiffs have eliminated the Department in the prayers for relief for claims 1 through 4.

maintained despite the eleventh amendment, the issue is whether they can be held liable under section 1983. The prospective injunctive relief sought by plaintiffs can be accomplished without the presence of defendants Williams and Morrow. Because plaintiffs fail to allege any acts on the part of these defendants, there can be no section 1983 liability.[2] The motion to dismiss defendants Williams and Morrow is granted.

B.  Venue

With the dismissal of Morrow and Williams, all parties and witnesses (known at this point) to this action reside in or near Baker County, Oregon. Some potential witnesses appear may be from Portland, Oregon, but the vast majority of witnesses are in Baker City, Oregon including inmates at the Powder River Correctional Facility. The acts giving rise to this cause of action occurred in Baker City, Oregon. Plaintiff does assert that some of the actions effectuated in Baker County were approved and directed by the Department of Corrections headquartered in Salem, Oregon. Nonetheless, a substantial portion of the alleged activities took place in Baker City. Accordingly, defendants move to transfer venue to the Pendleton division.

Local Rule 3-2 places Baker County in the Pendleton division. Where divisional venue lies in Pendleton, an action must be filed in

---

[2] Plaintiffs also contend that discovery may reveal actions on the part of these defendants that could demonstrate section 1983 liability. However, the court declines the invitation for a fishing expedition given that the operative complaint contains no allegations suggestive of liability.

3 - ORDER

the Portland division. Local Rule 3-3(a). Plaintiffs should have commenced this action in Portland despite the issues involving the Oregon Department of Corrections. In addition, under 28 U.S.C. § 1404(a), transfer to the Pendleton division is proper. A trial in Pendleton is far more convenient for the witnesses and the parties given their location. This is especially true of the incarcerated witnesses. Given the greater costs and time associated with trying this case in Eugene, as well as the logistical issues associated with bringing inmates to Eugene, the interests of justice also favor transfer. However, the interests of justice do not warrant a transfer of the case file to the Portland division to litigate the case pretrial. Accordingly, the motion to transfer venue is denied without prejudice. The court intends to try the case in Pendleton if circumstances, at that time, warrant it.

## CONCLUSION

For the reasons stated above, defendants' motion to change venue and partial motion to dismiss (#6) is granted in part and denied in part.

DATED this  30th  day of June, 2011.

*Michael R. Hogan*
United States District Judge